UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-178-RJC

| STANLEY BENTON, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) |
| FRANK D. WHITNEY, United States District Judge, PETER ADOLF, Federal Defender of Western North Carolina, COURTNEY ESCARAVAGE, Assistant United States Attorney, | ) ORDER |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983,[1] (Doc. No. 1), and on Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-1). The Court has examined Plaintiff's Application to Proceed Without Prepayment of Fees or Costs and concludes that he has insufficient resources to proceed at this time. His Application will therefore be granted.

The provisions of 28 U.S.C. § 1915A(a) direct the court to conduct an initial review of "a

---

[1] Although Plaintiff's Complaint is on a form used for actions arising under 42 U.S.C. § 1983, all three Defendants in this case are federal officials. Therefore, the Court will construe the Complaint as a Bivens action, which is the federal counterpart of an action brought under 42 U.S.C. § 1983. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 395-97 (1971). Under Bivens, an action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). It is unclear whether Plaintiff is asserting his claims against Defendants in their individual or official capacities, so this Court will assume Plaintiff is suing them in both capacities. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating that allegations in a pro se complaint must be construed liberally).

complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim for relief." Id. § 1915A(b)(1). For the reasons that follow, Plaintiff's Complaint will be dismissed for failure to state a claim.

I. BACKGROUND

Plaintiff names as defendants the following three individuals: U.S. District Court Judge Frank D. Whitney; Federal Defender Peter Adolf; and Assistant United States Attorney Courtney Escaravage. Plaintiff alleges that Defendants conspired to deprive him of his rights as secured by the U.S. Constitution, and that he is being prosecuted on charges over which the Court has no jurisdiction. For relief, Plaintiff seeks an "order of the court to be release[d] . . . so the plaintiff can go free. Also that all defendants be charge[d] with violation of deprivation of rights under color of law, and conspiracy against rights." (Doc. No. 1 at 6).

The prosecution to which Plaintiff refers is the ongoing federal criminal proceeding against him in United States v. Benton, 3:11cr365 (W.D.N.C.). On November 15, 2011, the federal grand jury indicted Plaintiff on one count of kidnaping in violation of 18 U.S.C. § 1201(a); and on one count of kidnaping in violation of 18 U.S.C. §§ 1201(a) and 1201(g) (kidnaping where the victim has not attained the age of eighteen years). See (Case No. 3:11cr365, Doc. No. 1: Indictment).

Defendant Whitney is the presiding district court judge in Plaintiff's criminal case, Defendant Adolf was the original public defender appointed to represent Plaintiff, and Defendant Escaravage is the Assistant United States Attorney prosecuting the case against Plaintiff. Plaintiff's federal criminal proceedings have not proceeded to trial. On August 14, 2012, the

2

Court entered an order granting the government's motion to continue a competency hearing scheduled for Plaintiff and on September 12, 2012, a new public defender was assigned to Plaintiff.

## II. STANDARD OF REVIEW

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

## III. DISCUSSION

### A. Plaintiff's Claims Against Defendant Peter Adolf

Plaintiff alleges that Defendant Adolf, an attorney with the Federal Defender's office of Western North Carolina, does "not have license to practice law, only a bar card which mean British, accreditation Registry/Regency, Peter Adolf is a Foreign Agent." (Doc. No. 1 at 5). Plaintiff next alleges that Adolf "willfully, deliberately disregarded Plaintiff Affidavit(s) of truth that has been file[d] in United States District Court, Western District of North Carolina . . .

stating Defendant Peter Adolf do not have 'any' permission or consent from Plaintiff to make any legal [determination] about Plaintiff." (Doc. No. 1 at 5). Plaintiff further alleges that "Peter Adolf [has] conspired willfully, knowingly, feloniously to deprive Plaintiff of rights, secured and protected by the Constitution of the United States;" and that Adolf "is misrepresenting Plaintiff without Plaintiff permission or consent." (Id. at 6).

Plaintiff has failed to state a legally cognizable claim against Defendant Adolf based on Plaintiff's contention that he did not consent to have Adolf act as his attorney in his ongoing federal criminal proceedings. Furthermore, Plaintiff's allegation that Defendant Adolf conspired with the other Defendants to deprive Plaintiff of his constitutional rights is wholly conclusory. The remainder of Plaintiff's allegations, including that Defendant Adolf is a "Foreign Agent," are frivolous. Finally, this Court notes that the docket in Plaintiff's federal criminal proceedings for the kidnaping charges shows that on September 12, 2012, Defendant Adolf was removed as Plaintiff's defense counsel. The Court dismisses Plaintiff's claims against Defendant Adolf.

    B.    <u>Plaintiff's Claims Against Judge Whitney</u>

Plaintiff has sued the Honorable Frank Whitney, the judge presiding over Plaintiff's ongoing criminal proceedings. Plaintiff alleges that Judge Whitney "willfully, deliberately conspired with Defendant Peter Adolf when he rescheduled trial date for Defendant Peter Adolf who[] is not my attorney or counsel." (Id. at 4). This Court first notes that Plaintiff has failed to allege sufficient facts to state a claim against Judge Whitney. Furthermore, and in any event, Judge Whitney is entitled to absolute judicial immunity, as he was acting within his judicial capacity when he rescheduled a trial date during Plaintiff's trial. See <u>Imbler v. Pachtman</u>, 424 U.S. 409, 419 (1976) (Judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt

4

judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.") (internal quotations omitted); Jackson v. Houck, 181 Fed. Appx. 372, 373 (4th Cir. 2006) (The doctrine of judicial immunity "attaches even if the act in question was in excess of [the judge's] authority.") (citing Mireles v. Waco, 502 U.S. 9, 12-13 (1991)). In sum, the Court dismisses Plaintiff's claims against Defendant Judge Whitney.

    C.    Plaintiff's Claims Against Defendant Escaravage

Plaintiff alleges that Defendant "Escaravage is aware the defendant Peter Adolf do[es] not have permission or consent to make any legal discussion about the plaintiff, but [Defendant Escaravage] still made a contract with the defendant Peter Adolf about the plaintiff legal matter, to maliciously prosecute plaintiff in an unconstitutional statutory inferior court." (Id.). As a prosecutor, Defendant Escaravage enjoys absolute immunity from suit for actions taken while prosecuting the criminal case against Plaintiff. Imbler, 424 U.S. at 431. Thus, the Court dismisses Plaintiff's claim against Defendant Escaravage.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-1), is **GRANTED**;

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

Signed: September 19, 2012

Robert J. Conrad, Jr.
Chief United States District Judge